United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                            Case No. 18-13116-mdc
Linda M. Brown-Thomas                                             Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: admin              Page 1 of 1            Date Rcvd: Aug 24, 2018
                               Form ID: 318             Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2018.
db          +Linda M. Brown-Thomas,    9 Sandy Ridge Drive,    Doylestown, PA 18901-3341
14104423    +Grand Bank for Savings, FSB,    14 Plaza Drive,   Hattiesburg, MS 39402-1312
14104424    +KML Law Group, P.C.,   Suite 5000 - BNY Independence Center,    701 Market Street,
              Philadelphia, PA 19106-1538
14104425    +Medical Payment Data,   c/o AR Resources Inc.,    1777 Sentry Parkway W.,
              Blue Bell, PA 19422-2207

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: megan.harper@phila.gov Aug 25 2018 02:00:05     City of Philadelphia,
              City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 25 2018 01:59:02
              Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 25 2018 02:00:01     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
14104421     EDI: AMEREXPR.COM Aug 25 2018 05:48:00      American Express,   P.O.Box 981535,
              El Paso, TX 79998-1535
14104426    +EDI: WTRRNBANK.COM Aug 25 2018 05:48:00      Target Card Services,   TD Bank USA, N.A.,
              P.O.Box 9500,   Minneapolis, MN 55440-9500
                                                                                              TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14104422*      American Express,    P.O.Box 981535,   El Paso, TX 79998-1535
                                                                                 TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 23, 2018 at the address(es) listed below:
          BONNIE B. FINKEL    finkeltrustee@comcast.net,    NJ69@ecfcbis.com;Finkeltrustee@comcast.net
          JEFFREY C. MCCULLOUGH    on behalf of Debtor Linda M. Brown-Thomas
           jeffmccullough@bondmccullough.com, mbehrlacher@bondmccullough.com
          REBECCA ANN SOLARZ    on behalf of Creditor   GRAND BANK FOR SAVINGS, FSB bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 4

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Linda M. Brown-Thomas** | Social Security number or ITIN | **xxx-xx-3989** |
| | First Name  Middle Name  Last Name | EIN | _ _-_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _-_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | |
| Case number: | **18-13116-mdc** | | |

# Order of Discharge                                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Linda M. Brown-Thomas

8/23/18                                                                  **By the court:**   Magdeline D. Coleman
                                                                                              United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                 **Order of Discharge**                                 page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**